IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS MISLA VÉLEZ,<br><br>**Plaintiff**<br><br>v.<br><br>CARLOS MOLINA, <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO**. 09-2221 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 Complaint. (Docket No. 9). For the reasons set forth, the Court **GRANTS** Defendants' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 27, 2009 Plaintiff Luis Misla Vélez ("Misla") filed a 42 U.S.C. § 1983 complaint for violation of his Civil Rights against Carlos Molina, Secretary of Corrections ("Sec. Molina"), the Corrections Administration ("C.A."), and the Commonwealth of Puerto Rico ("Commonwealth"). (Docket No. 4). Misla, a detainee at a correctional facility administered by the C.A., seeks money damages for injuries suffered as a result of cigarette smoke inhalation due to Defendants' failure to prevent the sale and consumption of cigarettes on prison grounds.

Specifically, Misla alleges that since June 1, 2008 Defendants have allowed smoking on prison grounds. After Misla's initial

requests, Defendants did provide a separate designated smoking area away from Misla's quarters, however, prisoners did not refrain from smoking elsewhere on the prison block. After further requests, Misla and other non-smoker inmates persuaded prison authorities to prohibit the use and sale of cigarettes within Misla's prison block. Nonetheless, Misla alleges, cigarettes still make their way into Misla's prison block through contraband where other inmates continue to smoke, despite the prohibition, causing Misla to involuntarily inhale the cigarette smoke. Misla alleges that Defendants' failure to implement an effective method to prevent the use of cigarettes on prison grounds have caused him injuries amounting to $2,000,000.00 due to involuntary inhalation of cigarette smoke.

Though Plaintiff's present situation may be unfortunate, this Court is powerless to entertain whatever claim he may have against Defendants.

## STANDARD OF REVIEW

Motion to Dismiss Standard of Review

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v.

Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990). While Twombly does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50.

The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility.

Iqbal 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

## DISCUSSION

The Eleventh Amendment "prohibit[s federal courts] from hearing most suits brought against a state by citizens of that or any other state." Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). "[D]espite the absence of any express reference," the Eleventh Amendment "pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." De Leon Lopez v. Corporacion Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991).

"[T]he government enjoys broad protection through the operation of the sovereign immunity doctrine." Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005). Often, a suit against a state official is considered a suit against the state, which triggers Eleventh Amendment immunity. Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 24 (1st Cir. 2007). Consequently, when Plaintiff brings a

suit against a Puerto Rico state official in his personal capacity rather than against the Commonwealth of Puerto Rico itself, the Court must ascertain whether the suit in reality is a suit against the Commonwealth of Puerto Rico. <u>Muirhead v. Mecham</u>, 427 F.3d 14, 18 (1st Cir. 2005).

This analysis examines the conduct challenged and the relief sought. <u>Id.</u> When the actions of an officer do not conflict with the terms of his valid statutory authority, they are considered actions of the sovereign, which are protected by the Eleventh Amendment.[1] <u>Larson v. Domestic & Foreign Commerce Corp.</u>, 337 U.S. 682, 695 (1949). Furthermore, when the relief sought "would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act" the suit will be considered one against the sovereign. <u>Dugan v. Rank</u>, 372 U.S. 609, 620 (1963)(citations omitted).

The Eleventh Amendment does not apply in a suit against an officer to recover damages for the agent's personal actions, because the judgment sought will not require action by the sovereign or disturb the sovereign's property. <u>Larson</u>, 337 U.S. at 687.[2] As such, the sovereign immunity doctrine does not bar

---

[1] The doctrine of sovereign immunity does not apply when an officer's power is limited by statute and his actions go beyond those limitations. <u>Id.</u> at 689; <u>see also</u> <u>Muirhead</u>, 427 F.3d at 19.

[2] "If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit

personal-capacity suits against state officials because "it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity." Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, a citizen may seek monetary damages against a state officer for acts done under color of law, but only if the officer is sued in his or her individual capacity. Id.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Id. at 165. "[T]o establish personal liability in a section 1983 action it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166.

Plaintiff's claim for money damages against the C.A. and the Commonwealth is precisely the kind of claim that is undoubtedly prohibited by the Eleventh Amendment. The claim is directed not against a state official, but against the State itself. Metcalf, 991 F.2d at 938. Furthermore, the remedy sought is one that would require an expenditure from the public treasury; a direct payment of monies from the public treasury is also barred by the Eleventh Amendment. Dugan, 372 U.S. at 620. The latter is also the reason why Plaintiff's claim against Sec. Molina, if valid, cannot be vindicated by this Court.

Finally, as to Sec. Molina specifically, though this Court

---

against the sovereign." Larson, 337 U.S. at 689.

makes no ruling on the issue, Plaintiff has not specified whether he brings suit against Sec. Molina in his individual or official capacity. In any event, Plaintiff has not alleged that Sec. Molina's acts, or omissions, conflict with the authority delegated upon him by the state for the carrying out of his duties. Larson, 337 U.S. at 695. Plaintiff, in other words, fails to allege how Sec. Molina through specific acts or omissions and under color of state law, has violated his civil rights. This Court has made every effort to construe Misla's allegations liberally, as required by Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, Plaintiff fails to meet the pleading standard required by Iqbal and Twombley.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss.  Plaintiff's claims are dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21th day of September, 2010.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge